[Crim. No. 2435. In Bank.—January 24, 1922.]

In the Matter of the Application of ROBERT STEVEN-
SON for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — INSANITY BEFORE TRIAL — CONVICTION AND IM-
PRISONMENT — HABEAS CORPUS.—A prisoner in a state prison is
not entitled to his discharge on *habeas corpus* on the ground that
prior to the time he was charged with the crime for which he was
sentenced he had been committed to a state hospital as an in-
sane person, and that he had never been lawfully discharged there-
from or formally restored to sanity.

[2] ID.—INSANITY—JURISDICTION—COLLATERAL ATTACK.—When a per-
son is charged with crime by information or indictment, if the
defense of insanity exists, it must be presented to the court hav-
ing jurisdiction of the cause, and the decision of that court is
final against collateral attack.

[3] ID.—FINAL JUDGMENT—INSANITY—HABEAS CORPUS.—After a con-
viction and sentence have become final, the question of insanity
of the defendant at the time of trial cannot be raised on *habeas
corpus*.

APPLICATION for a Writ of Habeas Corpus to secure
release from imprisonment in state prison. Denied.

The facts are stated in the opinion of the court.

Robert Stevenson, *in pro. per.*, for Petitioner.

SHAW, C. J.—The petitioner, Robert Stevenson, is im-
prisoned in the state prison at Represa, California, upon a
charge of forgery under sentence for the period prescribed
by law. He applies for a writ of *habeas corpus* on the
ground that prior to the time he was charged with the crime
and sentenced to imprisonment he had been committed to
the Norwalk state hospital as an insane person and that he
had never been lawfully discharged from said hospital nor
formally declared restored to sanity, and that until he was
so restored or discharged from that custody he could not be
prosecuted for felony.

---

1. *Habeas corpus* to secure release of one convicted while insane,
note, L. R. A. 1918B, 81.

[1]    The petitioner is mistaken with regard to the effect of the commitment to a state hospital as an insane person. [2]    When a person is charged with crime by information or indictment, if the defense of insanity exists, it must be presented to the court having jurisdiction of the cause, and the decision of that court is final against any collateral attack.    If an appeal is taken the appellate court may consider the question.    Its decision thereon, when it becomes final, if it affirms the judgment, puts the case beyond further consideration by any court.    So far as the legality of the sentence for the crime charged is concerned, *habeas corpus* does not lie unless the lack of jurisdiction appears on the face of the record of conviction.    If it does not so appear the jurisdiction will be presumed.    These propositions also apply to the question whether the court had authority to proceed with the trial of the criminal charge upon the claim that he was at that time of unsound mind.    [3]    After the conviction and sentence have become final, the question of his insanity at the time of trial cannot be raised on *habeas corpus*.

The petition for a writ of *habeas corpus* is denied.

Lennon, J., Waste, J., Lawlor, J., Sloane, J., Wilbur J., and Shurtleff, J., concurred.