HARRY BISSING *vs.* FRANK H. TURKINGTON, SHERIFF.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October 9th—decided November 17th, 1931.

*Thomas J. Wall,* for the appellant (respondent).

*Samuel A. Herman* and *Lester W. Schaefer,* with whom was *J. Clinton Roraback,* for the appellee (relator).

BANKS, J.  The application of the plaintiff alleges that he is being confined by the defendant without law or right in the county jail in Litchfield.  The respondent's return justifies the detention of the plaintiff under an execution and mittimus issued by the

Superior Court commanding him as keeper of the county jail to safely keep the plaintiff until the latter has paid the amount of a judgment rendered against him in that court. In his answer to the return the plaintiff alleges that on March 23d, 1931, he was adjudged a bankrupt in the United States District Court for the District of Connecticut, to which the respondent demurred on the ground that such adjudication did not render the plaintiff's detention illegal.

A preliminary question is raised by the respondent's plea in abatement to the writ on the ground that no bond or recognizance for costs was entered into before the writ was issued, a demurrer to which, on the ground that costs are not taxable and cannot be recovered in habeas corpus proceedings, was sustained. Our statute (General Statutes, § 5619) requiring a recognizance for costs before process is signed must be construed to apply only to process in actions in which costs are taxable, since there would be no reason for securing the payment of costs in an action in which costs could not in any event be recovered. *State ex rel. Eliott* v. *Lake Torpedo Boat Co.,* 90 Conn. 638, 643, 98 Atl. 580. Costs are a matter of statutory regulation, and are not taxable unless given by statute. *Studwell* v. *Cooke,* 38 Conn. 549; *State* v. *Anderson,* 82 Conn. 392, 73 Atl. 751; *State ex rel. Eliott* v. *Lake Torpedo Boat Co., supra.* Our statute (General Statutes, § 2271) provides generally as to what costs shall be taxed in civil actions. That it was not the intention to make the taxation of costs obligatory in all cases is apparent from the long established principle that costs in equity actions are in the discretion of the court. We have also held that this statute does not authorize the taxation of costs against the State upon an appeal in a criminal case although the statute gave the accused a right of appeal "in the same man-

ner and with the same effect as in civil actions."
*State* v. *Anderson, supra.* In that case it was held,
upon familiar principles, that no costs could be taxed
against the State. Neither is there any sound reason
why they should be taxed against a public official
holding a person in custody under lawful process; and
there is no provision for their taxation against the par-
ties in interest. See *Ex parte Nelson,* 253 Mo. 627,
162 S. W. 167. If they are not taxable against the
respondent they are not taxable in his favor against
the applicant. The writ of habeas corpus is a pre-
rogative common-law writ providing a special and
extraordinary legal remedy. Our statute (General
Statutes, § 5893) which provides for the issuance of
the writ by the court, contains no provision for the
taxation or recovery of costs. In this it differs from
the statutes regulating the issue of the other preroga-
tive writs of quo warranto, prohibition and mandamus.
In *State ex rel. Eliott* v. *Lake Torpedo Boat Co., supra,*
we held that, where a writ of mandamus was sought
in aid of a private right, as distinguished from a writ
to compel the performance by a public officer of a
public duty, it should not issue until a recognizance
for costs had been taken, since the statute allows costs
to be taxed and a judgment for costs to be rendered
in such proceedings. In the absence of such a pro-
vision in the habeas corpus statute, there would seem
to be no justification for the taxation of costs in such
proceeding, and therefor no need for a recognizance
for costs. In construing a somewhat similar statute,
the Supreme Court of Vermont has held that proceed-
ings in habeas corpus might properly be held to be
outside the legislative intent because of the nature of
the writ and in view of the fact that, in that State
as with us, special statutory provisions regarding costs
are made in the case of other prerogative writs. *In re*

*Jacobs,* 87 Vt. 454, 89 Atl. 634. The form of the writ appearing in the Practice Book (p. 543) does not contain any recognizance for costs, and, so far as we are aware, it has never been the practice of the courts or the judges to require a bond or recognizance before issuing the writ, nor have the judgments in such proceedings provided for the recovery of costs. The demurrer to the plea in abatement was rightly sustained.

The record discloses that a judgment in the sum of $1087.65 was rendered against the plaintiff in the Superior Court on December 20th, 1930, that a body execution upon the judgment was issued on March 18th, 1931, that the plaintiff was duly adjudged a bankrupt on March 23d, 1931, and that on March 27th, 1931, he was committed to jail under the body execution, and on the same day procured the issuance of the habeas corpus writ. Section 9 (a) of the Bankruptcy Act provides as follows: "A bankrupt shall be exempt from arrest upon civil process except in the following cases: . . . (2) when issued from a State court having jurisdiction, and served within such State, upon a debt or claim from which his discharge in bankruptcy would not be a release."

The respondent contends that the adjudication in bankruptcy does not operate to exempt the bankrupt from arrest on civil process for a dischargeable debt under § 9 (a) of the Act, but that his sole remedy is to apply for a stay of the suit in the Superior Court until the question of dischargeability is finally passed upon in the United States District Court. There could be no stay of the suit because it had gone into judgment and was beyond a point where the court could stay it. Section 9 (a) protects the debtor from imprisonment in all civil actions in which the remedy will be barred by his subsequent discharge. The debtor's protection under this section would be of slight value

if, as respondent seems to contend, he could not avail himself of it until he had actually received his discharge in the bankruptcy court. The word "arrest" in the Act covers imprisonment, and the right to protection is effective immediately upon the adjudication. *Ex parte Harrison*, 47 Am. B. R. 80; *Bloomingdale* v. *Dreher*, 13 Am. B. R. (N. S.) 576; 1 Collier on Bankruptcy (13th Ed.) 386. General Orders in Bankruptcy XXX, provides that "if the petitioner, during the pendency of the proceedings in bankruptcy, be arrested or imprisoned upon process in any civil action, the district court, upon his application, may issue a writ of habeas corpus to bring him before the court to ascertain whether such process has been issued for the collection of any claim provable in bankruptcy, and if so provable he shall be discharged." 2 Collier on Bankruptcy (13th Ed.) 1848. It has been held that, while such application may be made to a Federal court, comity suggests that it be made in the first instance in the State court. *United States ex rel. Scott* v. *McAleese*, 1 Am. B. R. 650. When the application is there made it is the duty of the State court to act in the enforcement of the Bankruptcy Act. *Carling* v. *Seymour Lumber Co.*, 113 Fed. 483. The plaintiff, having been adjudged a bankrupt on March 23d, 1931, was entitled to be released by a writ of habeas corpus from the jail in which he was confined on March 27th, 1931, unless he was then held under process issued "upon a debt or claim from which his discharge in bankruptcy would not be a release."

In his appeal the respondent assigns error in the overruling of his demurrer to the plaintiff's answer on the further ground that the adjudication in bankruptcy does not relieve him from the consequences of a judgment for an obligation that is not a provable claim in bankruptcy. Section 63 (a) of the Bank-

ruptcy Act provides that debts may be proved which are "a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition." It has been authoritatively held that a judgment in tort, as well as one based upon contract, is a provable debt. *Lewis* v. *Roberts*, 267 U. S. 467, 45 Sup. Ct. 357, 37 A. L. R. 1440. The demurrer to the plaintiff's answer was properly overruled.

Counsel for the respondent now contend in brief and argument that the plaintiff is not entitled to exemption from arrest and imprisonment unless the process upon which he is held is issued upon a debt or claim which is not only provable, but from which his discharge would be a release, and such is the language of Section 9 (a) of the Act. Section 17 (a) of the Act provides: "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as . . . are liabilities . . . for willful and malicious injuries to the person or property of another," and it is claimed that the judgment against the plaintiff was based upon a liability of that character. The respondent's return does not state the character of the action in which the judgment against the plaintiff was rendered, nor does it otherwise appear in this record. After the demurrer to the answer was overruled respondent filed a pleading denying the allegations of the answer, and the judgment was rendered after a hearing upon the merits. We cannot assume that the evidence before the trier as to the nature of the prior action was not such as to justify his conclusion. If we follow counsel in referring to the record in that action we find that it was one to recover damages for injuries to the plaintiff therein caused by the negligence of the plaintiff herein in the operation of an automobile. It is well settled that a judgment in such an action is a

dischargeable debt in bankruptcy. *Ex parte Harrison, supra; Matter of Roberts,* 1 Am. B. R. (N. S.) 138; *Ely* v. *O'Dell,* 11 Am. B. R. (N. S.) 474; *Tinker* v. *Colwell,* 193 U. S. 473, 489, 24 Sup. Ct. 505.

There is no error.

In this opinion the other judges concurred.