LOUIS E. LEVINSON, PROSECUTOR, v. CLARENCE MOONEY, VINCENT P. KEUPER, GEORGE A. SMOCK, 2ND, AND THOMAS H. PRATT, COUNCILMEN OF THE CITY OF ASBURY PARK, WALLACE WASHER, CITY MANAGER OF THE CITY OF ASBURY PARK, AND THE CITY OF ASBURY PARK, A MUNICIPAL CORPORATION IN THE COUNTY OF MONMOUTH, DEFENDANTS.

Submitted May 5, 1942—Decided July 9, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *George H. Rosenstein* and *Samuel S. Fersler.*

For the defendants, *Joseph F. Mattice* and *Charles Frankel.*

The opinion of the court was delivered by

COLIE, J.   The writ of *certiorari* allowed in this matter brings up a resolution passed by the mayor and council of the City of Asbury Park, suspending prosecutor from the office

of police judge. It also brings up a resolution removing the prosecutor from his office.

Prosecutor was a police judge of the City of Asbury Park, whose term of office would expire July 25th, 1945. On July 4th, 1941, he received a letter from the city manager, ordering him to turn over his office and all records of the court to one Magistrate Benjamin Edelstein. The letter incorporated a resolution passed on July 3d, 1941, in the following language:

"1. 'Be it resolved by the Mayor and Council of the City of Asbury Park that pursuant to the law Benjamin Edelstein be and he is hereby appointed Police Magistrate of the City of Asbury Park at a salary of two thousand dollars, ($2,000) per annum payable on a month to month basis or as required by law.'

"2. 'Whereas complaints have been received relative to the improper conduct of the office of Police Magistrate: Therefore be it resolved that Louis E. Levinson, Police Magistrate of the City of Asbury Park be and he is hereby suspended pending the determination of said complaints.'"

Thereafter, on July 14th, 1941, prosecutor received a letter, again from the city manager, which is herewith set forth:

"CITY OF ASBURY PARK
Asbury Park, New Jersey ·
July 14, 1941.

Mr. Louis E. Levinson
550 Cookman Avenue
Asbury Park, N. J.
Dear Sir:

I beg to advise you that the following are the charges which have been preferred against you:

1. Between the first day of January and the 13th day of May, 1941, you created a discordant condition in the police department of the City of Asbury Park, in that private investigations were made by you which amounted to a pre-judgment of any given case.

2. Many persons were summoned verbally and by writings to your private law offices, at which time and place they were questioned, intimidated and threatened through the power of

your office, that unless they did as they were bade to do by you, and in some instances, unless they agreed to support the then Mayor and Council of the City of Asbury Park, you would imprison them or punish them in various other ways.

3. You used your office as police magistrate of the City of Asbury Park as a political weapon to strengthen the then council and to garner votes for them. On May 13th, 1941, when various citizens of the City of Asbury Park and New Jersey were placed under arrest, you refused to apprise the defendants or their counsel of the nature of the charges against them, you refused to advise them as to who had made the complaints against them or the nature of the complaints and refused to read any of the complaints against them (if any there were). You refused to fix bail for the defendants or any of them and ordered their incarceration in the common jail of the City of Asbury Park until 9 A. M. the next morning.

4. You have further conducted yourself prior to May 13th, 1941, and subsequent thereto in a manner detrimental to the standard in which a police magistrate's court should be conducted and have refused to apprise defendants of the ordinances or state statute which was supposed to have been violated.

5. You have convicted persons of crime without any complaint or warrant, or without any arrest being made of any person.

You are hereby notified that these charges will be heard by the Mayor and Council of the City of Asbury Park at the City Offices, 710 Bangs Avenue, on Thursday, July 17th, 1941, at 2 P. M. Daylight Saving Time. You may be represented by Counsel if you desire.

Very truly yours,
(Signed) WALLACE WASHER.
WALLACE WASHER
City Manager."

The time between service of the so-called "charges" and the date set for the hearing was unreasonably short. Prosecutor

sought and obtained a stay from this court. Following this, the city manager on July 22d notified prosecutor that a public hearing would be held on the 29th. Again recourse was had to this court and the assistant city solicitor was instructed to furnish a bill of particulars of the charges and to allow prosecutor a reasonable time after receiving the bill of particulars in which to prepare his defense. No useful purpose will be served by setting forth *in extenso* the demand for and bill of particulars. Suffice it to say that the particulars are so general and evasive as to lead necessarily to the conclusion that they were not meant to be informative.

Hearings were had on August 26th, September 24th and October 9th. At the first of these, counsel for the petitioner objected to proceeding on the ground that the charges were vague, indefinite, all-inclusive and did not adequately and fairly apprise the prosecutor of the charges that he was called upon to meet. The objection was overruled.

As to the hearings, the conduct of all counsel was unmannerly to a degree. The transcript of the testimony, covering just short of 300 pages, is about evenly divided between the interrogating of the witnesses and the bickerings of opposing counsel and the presiding body. It is of significance that the *quasi*-judicial body before whom the hearings were held, with a few rare exceptions, sustained all objections interposed by the assistant city solicitor and overrulled all objections of opposing counsel. In light of what we have said before, there is no necessity for lengthy comment upon the evidence. Some of the evidence went to episodes outside of the dates laid in the charges; most of the witnesses were uncorroborated; counsel for prosecutor was foreclosed in some instances from cross-examination going to credibility.

The so-called hearings were had under the authority of *R. S.* 40:46-8 relating to removal of employees after public hearing upon written charges. The section reads in part "it being the intent of this section to give every person against whom a charge or charges for any cause may be preferred, a fair trial upon said charge or charges, and every reasonable opportunity either in person or by counsel to make his defense, if any he has or chooses to make."

No reasonable person reading the record in this proceeding could believe that prosecutor was insured substantial justice— quite the contrary. What constitutes a "fair trial" has been commented upon by the Court of Errors and Appeals in *Johnson* v. *Wildwood,* 116 *N. J. L.* 462, as "one where the accused legal rights are safeguarded and respected." The accused in the instant case was not accorded a fair trial.

Prosecutor attacks the resolution of July 3d, 1941, which purported to suspend him on the ground that there exists no legal justification for its passage. Our examination of the act under which the City of Asbury Park was functioning, commonly called the Municipal Manager Form of Government Act, discloses no authority given to the Board of Commissioners or to anyone else for the suspension of an officer or employee. The brief filed on behalf of the defendants cites no authority for such action. In *Weinberger* v. *Hilfman,* 8 *N. J. Mis. R.* 32, Mr. Justice Porter, then a Circuit Court Judge, held that there was no authority given by the statute for the suspension of an officer or employee and in that view we concur. In view of this holding, the resolution of July 3d, 1941, is clearly illegal.

For the reasons above stated, the resolution of July 3d, 1941, purporting to suspend Louis E. Levinson from the office of police magistrate and the resolution of December 19th, 1941, removing him as police magistrate are invalid and are hereby set aside, with costs to the prosecutor.