STATE OF CONNECTICUT *v.* FRANK WOJCULEWICZ

INGLIS, C. J., BALDWIN, O'SULLIVAN, DALY and BORDON, Js.

Argued December 8, 1955—decided January 10, 1956

*Frank Wojculewicz,* pro se, the appellant (defendant).

*Albert S. Bill,* state's attorney, for the appellee (state).

O'SULLIVAN, J. On March 18, 1952, the jury found the defendant guilty of the crime of murder in the

first degree on each of two counts. He appealed to this court assigning as error (1) the denial of his motion to set the verdict aside, (2) the denial of his motion, made during the course of the trial, for a continuance, (3) the denial of his motion to strike part of the testimony of an expert on ballistics, and (4) certain instructions included in the charge to the jury. In his brief the defendant stated that assignment (4) would not be pursued. The appeal was competently presented by the public defender, who had also represented the defendant throughout the trial. On December 15, 1953, this court found no error and judgment to that effect was entered on the same date. *State* v. *Wojculewicz,* 140 Conn. 487, 101 A.2d 495.

On February 24, 1954, Wojculewicz, still acting through the public defender, filed in the Superior Court a petition for a new trial. He alleged in the petition that, subsequent to his appealing from the judgment which adjudicated him guilty of murder in the first degree, he had become insane and had remained so until after the appeal was argued by the public defender at the October term, 1953; that this mental condition had been ascertained around June 1, 1953, by the authorities at the prison where he was then incarcerated; that the authorities did not disclose these facts either to the public defender or to this court while the appeal was pending; and that, because of his condition, he was thus deprived of a constitutional right to advise and confer with his counsel. The court dismissed the petition and, on appeal, we sustained its action. *Wojculewicz* v. *State,* 142 Conn. 676, 117 A.2d 439. We pointed out (p. 679) that "the real basis of [Wojculewicz'] petition is not that the claimed violation of his constitutional rights had any effect upon

the trial to the jury or upon his being prevented from taking or pursuing an appeal. If any of his rights were violated, they bore upon the possible untimeliness of the argument in this court and, at most, require an opportunity to reargue after [he] returns, if ever, to sanity."

Wojculewicz filed in this court what he, through the public defender, has labeled a "Petition for Writ of Error Coram Nobis." His purpose was to vacate the judgment of no error rendered on December 15, 1953, in order to make legally possible a reargument on the merit of the appeal. Whether such a petition is recognized in this state, and, if so, whether the facts upon which the petition in the case at bar rests would justify the granting of it, we need not decide. See *Hurlbut* v. *Thomas,* 55 Conn. 181, 182, 10 A. 556; *Sanders* v. *State,* 85 Ind. 318, 324; 1 Swift's Digest 790; Frank, Coram Nobis; Millar, Civil Procedure of the Trial Court in Historical Perspective, p. 390 et seq.; 31 Am. Jur. 323, § 802 et seq.; 24 C.J.S. 143, § 1606 et seq.; 49 C.J.S. 561, § 311 et seq. We are spared that determination because, after a demurrer was addressed to the petition, the parties submitted the stipulation recited in the footnote.[1] By virtue

---

[1] "State of Connecticut    :    Supreme Court of Errors
      v.    :    October Term, 1955
Frank Wojculewicz    :    October 26, 1955

STIPULATION

WHEREAS a petition in the nature of a writ of error coram nobis has been presented to the court, and

WHEREAS the State's Attorney recommends that a reargument of the appeal in State v. Wojculewicz as requested in the petition be granted in the interests of justice, and

WHEREAS the State's Attorney does not wish to contest, for the purpose of this proceeding alone, that the facts alleged in the petition, if proven, are ample to justify the granting of the petition;

NOW, THEREFORE, IT IS STIPULATED that the demurrer to the petition be, and is hereby, withdrawn; that the judgment of the Supreme Court of Errors entered in the case of State v. Wojculewicz, dated

thereof we have vacated[2] the former judgment of this court in the case at bar, in order to permit the reargument which Wojculewicz has sought and which the state is willing, under the unusual circumstances in question, he should enjoy.

We add this further fact: After the judgment had been vacated, the public defender, at the defendant's request, withdrew from the case and, on December 8, 1955, the defendant appeared in this court and, pro se, reargued the appeal. He did not maintain that the evidence fails to support the verdict of guilty on each count. His argument took a different course. It appears to embrace three claims: (1) He should not have been brought to trial because the drugs

---

the 15th day of December, 1953, be vacated, and that an order enter for a reargument of State v. Wojculewicz.

|  |  |
|---|---|
|  | State of Connecticut |
|  | By /S/ Albert S. Bill |
|  | State's Attorney |
|  | /S/ Frank Wojculewicz |
|  | Frank Wojculewicz, Defendant |
|  | By /S/ James D. Cosgrove |
|  | Public Defender" |

[2] "State of Connecticut : State of Connecticut
 v. : Supreme Court of Errors
Frank Wojculewicz : November 2, 1955

ORDER UPON PETITION FOR WRIT OF ERROR CORAM NOBIS

Without recognizing or refusing to recognize the availability of the petition in the nature of a writ of error coram nobis which has been presented to this court and without passing upon the merit of such petition, if it is properly before this court, but acting solely upon the agreement pertaining to such petition covered by the written stipulation into which the parties entered under date of October 26, 1955, it is

ORDERED, that the judgment of this court rendered on December 15, 1953, in the case of State v. Frank Wojculewicz be vacated and it is

FURTHER ORDERED that a reargument be had in that case at a session of this court.

By the Court,
/S/ Raymond G. Calnen,
Clerk."

given by physicians to alleviate the intense pain from which he was suffering so deranged him mentally that he was unable to consult intelligently with his counsel as to the conduct of the trial; (2) the court should have granted his motion, made during the course of the trial, to continue the proceedings because, on that day, he was suffering such pain that his mind was confused and he was thus unable to advise with his counsel as to the proper course of proceeding during the examination of state's witnesses; and (3) he was denied the effective representation by counsel that is guaranteed by the state and federal constitutions.

As to the first claim, the record shows that no motion was ever addressed to the court to postpone trial because of the defendant's deranged mental condition or for any comparable reason. Indeed, in the written statement which the defendant read during the course of argument and which has since been made available to all members of this court, he expressly says: "I did not ask for a delay of the trial because of this mental depression which kept my mind from proper normal functions." It is obvious that the court cannot be charged with an erroneous or even an unfair ruling upon a motion which was never made. Moreover, there is no evidence in the record which would indicate that at the time of the trial the defendant was in fact mentally deranged either through drugs administered to him or from any other cause.

The answer to the second claim is found in the former opinion of this court on the same matter: "In the course of the trial on Friday, March 14, 1952, at noon, after a recess, counsel for the defendant made an oral motion that court be adjourned until the following Tuesday, on the ground that the de-

fendant was in such pain that he was unable to continue with the trial. The state opposed the motion, and the court heard the testimony of Dr. Ray F. Lowry, who had the defendant under his care. Dr. Lowry testified that in his opinion the condition of the defendant was such that he could continue to stand trial. The court denied the motion for continuance, and the defendant took exception to this ruling. The right of a defendant to a continuance is within the sound discretion of the trial court. *State* v. *Lee,* 69 Conn. 186, 193, 37 A. 75. In this connection it is of great significance that the state's case was nearly finished and that shortly the trial was, in fact, recessed until the following Tuesday. When court convened on Tuesday, the defendant rested his case without calling witnesses. Here it does not appear that there was an abuse of discretion." *State* v. *Wojculewicz,* 140 Conn. 487, 490, 101 A.2d 495.

As with the first claim noted above, the third was not based on any assignment of error, as required by the rule. Practice Book §§ 408, 409. But that aside, the claim is totally without merit and deserves no more comment than that the record discloses a commendable handling by the public defender of the interests of his client throughout the trial and, subsequent thereto, a loyalty and efficiency that met the highest standards of the legal profession. Indeed, so far as we are aware, this is the first time in the long history of this court that its judgment was vacated after the term had expired and an opportunity to reargue was thereafter extended to a litigant.

Neither from matters raised on reargument nor, we add, from those presented on the original argument can we discover anything erroneous.

There is no error.

In this opinion the other judges concurred.