FRANK WOJCULEWICZ *v.* GEORGE A. CUMMINGS, WARDEN OF CONNECTICUT STATE PRISON*

BALDWIN, O'SULLIVAN, WYNNE, DALY and COMLEY, Js.

* For other phases of this matter, see *State* v. *Wojculewicz,* 140 Conn. 487, 101 A.2d 495; *Wojculewicz* v. *State,* 142 Conn. 676, 117 A.2d 439; *State* v. *Wojculewicz,* 143 Conn. 118, 119 A.2d 913.

Argued June 15—decided July 17, 1956

*Reinhart L. Gideon,* special public defender, for the appellant (plaintiff).

*Albert S. Bill,* state's attorney, with whom, on the brief, was *Douglass B. Wright,* assistant state's attorney, for the appellee (defendant).

O'SULLIVAN, J. This action was instituted by the plaintiff to obtain a writ of habeas corpus directed against the warden of the state prison. The court issued the writ but subsequently dismissed it, and from the judgment rendered the plaintiff has appealed.

In his return, the warden alleged that he was holding the plaintiff by virtue of a mittimus wherein it was recited that the plaintiff had been indicted by a grand jury for murder in the first degree on two counts, that he had been presented to the Superior Court and placed on trial before the jury, that the jury had returned a verdict of guilty as charged on

both counts, and that the verdict had been accepted and judgment had been rendered imposing the penalty of death.

In his answer, the plaintiff first admitted all allegations of the return. He then proceeded to allege the following: "On November 5, 1951 [the date on which the indictment stated that the two crimes of first degree murder had been committed], he suffered several gunshot wounds, one of which transected his spinal cord and injured his spleen and kidneys. As a result of these wounds, the lower part of his body was paralyzed. Later his spleen was removed by operation. He lost control of his bladder and bowels and suffered great pain. This condition has existed from November 5, 1951 and throughout the period of his trial. On his discharge from New Britain General Hospital on December 26, 1951, his discharge diagnosis was: (1) Gunshot wounds (2) Hemothorax (3) Pneumoperitoneum (4) Transection of cord (5) Paraplegia (6) Cord bladder (7) Sacral Decubitus ulcer. In the operation at New Britain General Hospital he had (1) Exploration of chest and abdomen (2) Splenectomy (3) Repair of kidney (4) Repair of intercostal artery. Also while there a diagnosis was made of traumatic transverse myelitis. At McCook Memorial Hospital he had been diagnosed as having paraplegia. . . . From November 5, 1951 and prior to and throughout his trial, drugs were administered to him under the order of physicians at the New Britain General Hospital and the McCook Memorial Hospital. This use of drugs and medication has, in addition to relieving pain to a certain extent, clouded his mental perceptions and has caused him to be vague in his mental processes and not to be able to think clearly, especially during and prior to his trial. . . . During the trial from

March 7 to March 18, 1952, he was brought into court each day lying on his back on a portable stretcher and suffered degradation from being displayed before the jury in his prone posture and in his drugged and sick condition, at a time when he was being tried for his life. During the time he was at McCook Memorial Hospital he made a suicidal attempt and expressed a wish to commit suicide. . . . His mind was influenced deleteriously in court by three unusual factors: pain, drug action, and emotional degradation. . . . In consequence whereof, he was not accorded a fair trial as defined by the laws of the State of Connecticut and the United States."

The warden demurred to the answer. The grounds of demurrer resolve themselves into two: first, habeas corpus is not available to raise the question of a fair trial, and secondly, if it is available for that purpose, the plaintiff is seeking a review of the same matters previously presented unsuccessfully by him to the Supreme Court of Errors in his reargument on appeal to that court in December, 1955. We shall examine these grounds in sequence.

The writ of habeas corpus, as a remedy for illegal restraint, is a prerogative common-law writ providing a special and extraordinary legal remedy. *Bissing* v. *Turkington,* 113 Conn. 737, 740, 157 A. 226. It issues as a matter of right but not as a matter of course. *In re Frederich,* 149 U.S. 70, 75, 13 S. Ct. 793, 37 L. Ed. 653; *Engels* v. *Amrine,* 155 Kan. 385, 386, 125 P.2d 379; *In re Application of Tail,* 145 Neb. 268, 271, 16 N.W.2d 161; 25 Am. Jur. 238, § 131. It is granted only in the exercise of sound judicial discretion. *Barrett* v. *Hunter,* 180 F.2d 510, 514; *In re Tremper,* 126 N.J. Eq. 276, 279, 8 A.2d 279. The usual question involved in the proceeding is one of jurisdiction. *Henry* v. *Henkel,* 235 U.S. 219, 228,

35 S. Ct. 54, 59 L. Ed. 203. The court before which is brought a person claiming illegality of detention inquires simply whether the court rendering the judgment had jurisdiction to do so. *People ex rel. Doyle* v. *Atwell,* 232 N.Y. 96, 102, 133 N.E. 364. If want of jurisdiction existed, the judgment is absolutely void. *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39, 43, 166 A. 673. In such an event, the restrained person is entitled to his liberty. *State ex rel. Gossett* v. *O'Grady,* 137 Neb. 824, 830, 291 N.W. 497. We hasten to add, however, that if such an event should occur, the state could rearrest and retry the person without violating the principle of double jeopardy. *Mitchell* v. *Youell,* 130 F.2d 880, 882; *Slack* v. *Grigsby,* 229 Ind. 335, 344, 97 N.E.2d 145; *State* v. *Stroemple,* 355 Mo. 1147, 1150, 199 S.W.2d 913; *Fitzgerald* v. *Smyth,* 194 Va. 681, 691, 74 S.E.2d 810; 15 Am. Jur. 43, § 364; 22 C.J.S. 402, § 266.

Because of the limitations to which it is subjected, habeas corpus cannot be utilized as a substitute for an appeal of the original action, or for a writ of error, or for a petition for a new trial. *In re Bion,* 59 Conn. 372, 386, 20 A. 662. It may not be employed to review irregularities or errors of procedure or questions as to the sufficiency of evidence. *Perell* v. *Warden,* 113 Conn. 339, 342, 155 A. 221; 1 Cooley, Constitutional Limitations (8th Ed.) p. 725. Nor may defenses, such as insanity, the Statute of Limitations, alibi, and the like, available to but not pressed by the accused at the trial, be raised by habeas corpus. Insanity: *Hall* v. *Johnston,* 86 F.2d 820, 821; *In re Stevenson,* 187 Cal. 773, 774, 204 P. 216; Statute of Limitations: *Wallace* v. *Hunter,* 149 F.2d 59, 61; *In re Johnson,* 117 Kan. 136, 137, 230 P. 67; alibi: *People ex rel. Stevens* v. *Meyering,* 349 Ill. 198, 201, 181 N.E. 620.

In the federal courts, the foregoing limitations on the use of habeas corpus are not so excluding as to preclude a person from seeking the relief afforded by the writ when the judgment of conviction and sentence is the culmination of a proceeding which fails to meet the requirements of the fair trial guaranteed him by the federal constitution. *Johnson* v. *Zerbst,* 304 U.S. 458, 465, 58 S. Ct. 1019, 82 L. Ed. 1461. Whether this rule should also apply when the provision for a fair trial under the state constitution (Art. I § 9) is in issue, we need not here determine, since the plaintiff relies on his rights under the federal constitution and we are, in passing upon his claims in that regard, bound to accept the law as formulated by the Supreme Court of the United States. *State* v. *Palko,* 122 Conn. 529, 539, 191 A. 320. Decisions of that court which construe the constitution of the United States are absolutely binding on us. *Craft* v. *Isham,* 13 Conn. 28, 38.

The *Johnson* case, supra, held that the established rule, as to the availability of habeas corpus, must be construed and applied so as to preserve—not destroy—constitutional safeguards of human life and liberty. It further held that this broadened scope of inquiry is still directed at the court's jurisdiction, which, though existing at the beginning of trial, may be lost by denying the accused the rights secured to him by the federal constitution. Id., 468. The federal rule, then, comes down to this: Habeas corpus is available when there has been such a gross violation of the constitutional rights of an accused as to deny him the substance of a fair trial in a situation where he was not in a position to protect himself because of ignorance, duress or other reason for which he should not be held responsible. *Daniels* v. *Allen,* 192 F.2d 763, 768. It necessarily follows

that the first ground of demurrer should have been overruled.

The second ground of demurrer alleges that the plaintiff is seeking through habeas corpus to review matters previously presented in another proceeding. That is a defense of res adjudicata and should have been specially pleaded. *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 538, 52 A.2d 862; Practice Book § 102. Since it was not, the second ground of demurrer could have been ignored. But inasmuch as the plaintiff has chosen not to take advantage of this defect, we will consider the matter.

The ground under discussion requires an explanation. Wojculewicz was tried and convicted in 1952. He appealed to this court from the judgment, dated March 18, 1952, and assigned as error (1) the denial of his motion to set the verdict aside, (2) the denial of his motion for a temporary continuance, made on the fifth day of the trial and the concluding day for the presentation of evidence, (3) a ruling on evidence dealing with the testimony of an expert witness on ballistics, and (4) that part of the charge stating the law as to the effect of the failure of the accused to take the stand as a witness in his own behalf. A-314 Rec. & Briefs 539. In an opinion handed down on December 15, 1953, we found no error. *State* v. *Wojculewicz,* 140 Conn. 487, 101 A.2d 495.

On February 24, 1954, Wojculewicz brought a petition for a new trial. The allegations of the petition showed that the theory on which he sought the requested relief was this: During the time when the appeal from his conviction was pending, he had become insane, and the prosecution of the appeal while he remained in that condition was a violation of

his constitutional right to confer with counsel in order to map out the most effective plan for presenting the assignments of error. A-334 Rec. & Briefs 322 et seq. A demurrer to the petition was sustained and Wojculewicz again appealed to this court. In finding no error, we noted that he had advanced no claim of mental derangement at the time of trial. We observed that if any constitutional right of his had been violated, it was owing to a claimed derangement developing subsequent to the trial and would have a bearing only on the validity of the judgment of this court on the appeal; that the violation, if any had occurred, related to the possible untimeliness of the argument and at most required, if Wojculewicz had returned to sanity, an opportunity for reargument of the merits of the appeal from the judgment of conviction; and that, under the circumstances alleged, the granting of a new trial was not warranted. *Wojculewicz* v. *State,* 142 Conn. 676, 678, 117 A.2d 439. We further held that this court was powerless to grant a reargument, since the time for requesting it (Practice Book § 441) had long since passed and the term at which the judgment on the original appeal had been rendered had expired. Id., 679. And finally, we stated that a reargument of the appeal was contingent upon voiding that judgment. Ibid.

Pursuing the suggestion just mentioned, Wojculewicz then filed in this court an instrument captioned "Petition for Writ of Error Coram Nobis." His purpose was to attack the judgment rendered by this court on the original appeal on December 15, 1953. We were spared the necessity of determining whether that writ is recognized in this state because of a stipulation, entered into by the state's attorney and Wojculewicz, authorizing the vacating of the

former judgment in order to permit Wojculewicz himself to reargue the merits of the original appeal. *State* v. *Wojculewicz,* 143 Conn. 118, 120, 119 A.2d 913. Unfortunately, he did not cling to the assignments of error which had been filed in that appeal. He departed from them and orally raised for the first time the substance of the claim which he now sets forth in his petition for a writ of habeas corpus. The claim was that he should not have been brought to trial because the drugs given by physicians to alleviate the intense pain from which he was suffering so deranged him mentally that he was unable to consult intelligently with his counsel as to the conduct of the trial. Id., 121. It is true that we met his argument in this respect, but our answer amounted to nothing more than that we could not consider the claim because he had not raised it in the trial court. Id., 122.

It is apparent, then, that this court has not passed upon the point now raised by the application for a writ of habeas corpus. For this reason, the second ground of demurrer should also have been overruled.

Our disposition of this appeal does not, of course, determine that Wojculewicz failed to receive a fair trial. It might have been better had the warden seen fit not to demur on technical grounds but to meet the application head on by denying the vital facts in the answer which his demurrer admits. It was his privilege, however, to proceed as he did, and we must solve the technical problem he has raised.

Every accused is entitled to a fair trial, that is, one conducted, in all material things, in substantial conformity to law. *People* v. *Wolf,* 183 N.Y. 464, 472, 76 N.E. 592. It is a proceeding which hears before it condemns. *Johnson* v. *Wildwood,* 116 N.J.L. 462, 464, 184 A. 616. It is a trial before an impartial

judge and an unprejudiced jury, in an atmosphere of judicial calm. *Goldstein* v. *United States*, 63 F.2d 609, 613; *State* v. *Grayson*, 239 N.C. 453, 461, 80 S.E.2d 387. It is one at which the legal rights of the accused are safeguarded and respected. *Levinson* v. *Mooney*, 128 N.J.L. 569, 573, 27 A.2d 9.

To meet the grievance which Wojculewicz advances, the court should hear evidence and decide whether it is true that he was at the time of trial so mentally distraught as to be unable to understand the nature of the proceedings against him and to make his defense. The inquiry, when the factual issue is joined, should be limited to that single subject. *Sanders* v. *Allen*, 100 F.2d 717, 719.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion BALDWIN, DALY and COMLEY, Js., concurred.

WYNNE, J. (dissenting). I cannot agree with the conclusion in this case. It seems to me that it makes a mockery of our institutions. The defendant's return is ample, even if we did not take judicial notice of all the proceedings, to show emphatically that the accused had a fair trial. It is immaterial that he does not think he did. Three times the Supreme Court of Errors passed upon his claims. In one opinion warm praise was voiced for the public defender who fought for the accused. I prefer to stand on judicial process rather than warped protestations. Law and order are too sacred to be overlooked by courts.