**U. S. ex rel. Frank WOJCULEWICZ, Relator-Appellant,**

v.

**Mark S. RICHMOND, Warden of the Connecticut State Prison, Respondent-Appellee.**

**No. 173, Docket 25349.**

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1959.

Decided Feb. 5, 1959.

Certiorari Denied April 20, 1959.

See 79 S.Ct. 892.

Frederick J. Rundbaken, Hartford, Conn., for relator-appellant.

Albert S. Bill, State's Atty., Hartford, Conn., for respondent-appellee.

Before MEDINA, LUMBARD and BURGER, Circuit Judges.

MEDINA, Circuit Judge.

Relator was convicted of first degree murder committed at the time of the commission of an armed robbery. He received a number of bullet wounds at the time of the robbery and was in a pitiable condition at the time of his trial some months later.

The following is a succinct chronological summary of the various attacks by relator upon the validity or propriety of the judgment of conviction against him. The armed robbery took place on November 5, 1951. The trial began March 4,

1952, relator being represented by the Public Defender. A verdict of guilty was returned and judgment entered thereon. This judgment was appealed on April 18, 1952 but was sustained, State v. Wojculewicz, 1953, 140 Conn. 487, 101 A.2d 495. On February 24, 1954 relator filed a petition for a new trial, alleging insanity. The trial court dismissed this petition and this judgment was sustained, Wojculewicz v. State, 1955, 142 Conn. 676, 117 A.2d 439. Then relator filed a "Petition for Writ of Error Coram Nobis" on September 7, 1955, and the appeal was reargued by stipulation. Despite a broad review, no error was found on reconsideration. State v. Wojculewicz, 1956, 143 Conn. 118, 119 A.2d 913.

Relator then applied for a writ of habeas corpus alleging for the first time the infringement of constitutional rights again asserted later in the proceeding under review, but the writ was dismissed. On appeal the proceeding was remanded for a hearing on the merits. Wojculewicz v. Cummings, 1956, 143 Conn. 624, 124 A.2d 886. There was a long trial of these issues, many witnesses testified at length to the circumstances attendant upon his trial on the murder charge, the medication administered, his mental condition and allied relevant subjects. He was unsuccessful and the entire record was reviewed by the Supreme Court of Errors of Connecticut which affirmed the order dismissing the proceeding, and his application to the Supreme Court for certiorari was denied on May 26, 1958. Wojculewicz v. Cummings, 145 Conn. 11, 138 A.2d 512, certiorari denied 356 U.S. 969, 78 S.Ct. 1010, 2 L.Ed.2d 1075. This habeas corpus proceeding now under review was then initiated in the United States District Court for Connecticut. His allegations of the lack of a fair trial by the denial of due process of law are correctly summarized by the District Judge as follows:

(1) inability to comprehend the proceedings and assist in his own defense because his mind was clouded by drugs given to relieve pain.

(2) a like inability because of pain.

(3) degradation before the jury in being tried while lying on a stretcher on his back, without control of his bladder and bowels because of his injuries.

Judge Smith studied the entire record of the Connecticut habeas corpus proceeding, which involved the same issues, he made a careful and exhaustive analysis of the proofs as they affected each and every one of the issues, in the light of Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 and United States ex rel. Rogers v. Richmond, 2 Cir., 1958, 252 F.2d 807, certiorari denied with opinion, sub nom. Rogers v. Richmond, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361 found "no vital flaws" or "unusual circumstances" in the Connecticut state court record and dismissed the habeas corpus proceeding. This is not a case such as United States ex rel. Jennings v. Ragen, U.S., 79 S.Ct. 321, where the United States District Judge confined his review to the opinion of the highest court of the state.

Under these circumstances we find no error in the refusal of the District Judge to order a hearing at which the same witnesses who had testified in the Connecticut proceeding should be recalled to testify again. Indeed, the sole specific request appears to have been to require the presence of relator. We need not speculate on the reasons for this request; it is sufficient to note that the record of the Connecticut proceedings demonstrates the lack of substance in relator's allegations, which were not asserted until some three years and nine months after his trial on the charge of murder, and, as above indicated, after other efforts to set aside the judgment of conviction had failed. Had a judge so scrupulous of the rights of those charged with crime as is Judge Smith found the slightest basis for reexamination of the witnesses or any of them we have no doubt he would have insisted that they be brought before him.

We are grateful to assigned counsel, Frederick J. Rundbaken, Esq., for his industry and his thorough and competent representation of the relator herein.

Affirmed.