UNITED STATES ex rel. Robert SAUNDERS

v.

Mark S. RICHMOND, Warden, Connecticut State Prison.

Civ. Nos. 8268, 8530, 8777.

United States District Court
D. Connecticut.

May 29, 1961.

TIMBERS, District Judge.

Petitioner, a prisoner in the Connecticut State Prison at Wethersfield, has filed

a petition—his fifth in this Court [1]—for a writ of habeas corpus (28 U.S.C. § 2242), together with a motion for leave to proceed in forma pauperis and a motion for appointment of counsel.

While not required to do so in view of the legal insufficiency of the petition, nevertheless, in view of the frequency and persistence with which petitioner has sought redress in this Court of what he undoubtedly believes are deprivations of his federal rights, the Court upon its own initiative has ascertained the following facts regarding proceedings involving petitioner in the Connecticut state courts.

On June 17, 1947, while represented by the public defender, he was convicted in the Superior Court for Fairfield County at Bridgeport of robbery with violence and was sentenced to the Connecticut State Prison for a term of 18 to 21 years. That sentence subsequently was reduced and he was paroled in 1957.

While on parole, he robbed a bank in Suffield, Connecticut, on October 16, 1959. On January 27, 1960, while represented by a special public defender, in the Superior Court for Hartford County at Hartford he pleaded guilty to armed robbery. On February 4, 1960 he was sentenced to the Connecticut State Prison for a term of 10 to 20 years, this sentence to run concurrently with the remainder of the sentence imposed on him in 1947.

On June 1, 1960 he applied to the Superior Court for Hartford County for a writ of habeas corpus which was denied June 21, 1960.

On March 9, 1961 he again applied to the Superior Court for Hartford County for a writ of habeas corpus which was denied March 27, 1961.

The Clerk of the Supreme Court of Errors informed this Court on May 19, 1961 that petitioner did not file an appeal to the Supreme Court of Errors from either the judgment of June 21, 1960 or

---

1. Previous petitions for writs of habeas corpus and related applications by petitioner have been acted upon by this Court as follows:

(1) On March 22, 1960 Judge Smith denied petitioner's first petition for writ of habeas corpus, upon a finding that the allegations of the petition were vague and failed to set forth the factual basis for petitioner's claimed illegal confinement and upon the further finding that petitioner had failed to allege that he had exhausted all available state remedies prior to making application to this Court. Judge Smith also denied petitioner's motion to proceed in forma pauperis and directed the Clerk to return the papers to petitioner.

(2) On October 20, 1960 the undersigned denied petitioner's second petition for writ of habeas corpus on the ground that the petition, on its face, showed no proper basis for the issuance of the writ. The undersigned granted petitioner's motion for leave to proceed in forma pauperis, directing the Clerk to file the petition without payment of filing fees and allowing petitioner to proceed without payment of costs or expenses and without giving security therefor.

(3) On November 2, 1960 the undersigned denied petitioner's request for a certificate of probable cause in order to appeal pursuant to 28 U.S.C. § 2253, for

the reasons stated in the order of October 20, 1960 denying the petition for writ of habeas corpus. The undersigned denied petitioner's motion for permission to proceed on appeal in forma pauperis and his request for the appointment of counsel.

(4) On December 9, 1960 the undersigned denied petitioner's third petition for writ of habeas corpus; such denial was pursuant to 28 U.S.C. § 2244 on the grounds that (i) it presented no new ground regarding the legality of his detention pursuant to a judgment of a court of the State of Connecticut not theretofore presented and determined on his prior application to this Court for writ of habeas corpus, and (ii) this Court was satisfied that the ends of justice would not be served by issuance of the writ.

(5) On April 24, 1961 the undersigned denied petitioner's fourth petition for writ of habeas corpus on the same grounds as set forth in the order of December 9, 1960.

(6) On May 8, 1961 the undersigned denied petitioner's second motion for a certificate of probable cause in order to appeal, pursuant to 28 U.S.C. § 2253; such denial was upon the entire record in this case and particularly for the reasons stated in the order of April 24, 1961 denying petitioner's fourth petition for writ of habeas corpus.

the judgment of March 27, 1961 denying his applications for writs of habeas corpus. Nor has petitioner sought or obtained the statutory certificate necessary to appeal to the Supreme Court of Errors from denial of his applications for writs of habeas corpus. Conn.Gen.Stat., ch. 913, § 52–470 (1958).[2]

Under these circumstances, it is settled law in this district that petitioner has failed to exhaust his state remedies, as required by 28 U.S.C. § 2254. United States ex rel. Carrono v. Richmond, 2 Cir., 1960, 279 F.2d 170, 172–173, affirming on other grounds D.C.D.Conn.1959, 177 F.Supp. 504.[3]

Nor is he relieved of the necessity of exhausting his state remedies by his claim that the Supreme Court of Errors "will not waive appeal fees and costs in cases of paupers". Under a 1959 statute, petitioner, if represented by the public defender or a special public defender (as he was when sentenced on February 4, 1960), would not be required to pay any fees in connection with proceedings in the Supreme Court of Errors. Conn. Gen.Stat., ch. 901, § 52–259a (1959).[4] In Wojculewicz v. Cummings, 1956, 143 Conn. 624, 124 A.2d 886, an indigent was successfully represented by a special public defender on appeal to the Supreme Court of Errors from dismissal of a writ of habeas corpus.

The holding of the Court of Appeals for this Circuit in United States ex rel.

Carrono v. Richmond, supra, is squarely applicable to the instant case (279 F.2d 170, 173):

"It well may be that if a state court found enough merit in a habeas petition to warrant the statutory certificate of Sec. 52–470 of the Connecticut Statutes it would, as was apparently done in the Wojculewicz case, appoint a special public defender who under Sec. 52–259a could prosecute the appeal without cost to the indigent appellant. We cannot say that to have invoked the procedure of Sec. 52–470 would, because of the relator's indigence, have been a futile act.

"We conclude that for failure so to do the relator has not exhausted state remedies."

Since petitioner has failed to exhaust his state remedies, the Court does not reach the merits, if any, of his petition. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572; cf. Frisbie v. Collins, 1952, 342 U.S. 519, 520–522, 72 S.Ct. 509, 96 L.Ed. 541, reversing on other grounds 6 Cir., 1951, 189 F.2d 464, 468 n. 1.

Accordingly, petitioner's fifth petition for writ of habeas corpus is denied. His motions for leave to proceed in forma pauperis and for appointment of counsel likewise are denied.

2. "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime shall be taken unless the judge before whom the case was tried or a justice of the supreme court of errors, within ten days after the case is decided, certifies that a question is involved in the decision which ought to be reviewed by the supreme court of errors."

3. While not necessary to the Court's decision denying the petition for writ of habeas corpus in the instant case on the present state of the record, it should be noted that petitioner, in order to exhaust his state remedies, would have to petition the United States Supreme Court for a

writ of certiorari to review any denial of the statutory certificate provided for in Conn.Gen.Stat. § 52–470. United States ex rel. Carrono v. Richmond, supra, 279 F.2d at pages 171, 172.

4. "A state's attorney, assistant state's attorney or public defender, or an attorney appointed by the court to assist him or to act in his place, in a special case or cases, while acting in his official capacity or in the capacity for which he was appointed, shall not be required to pay the fees specified in sections 52–258, 52–259 and 52–269."

Conn.Gen.Stat., ch. 901, § 52–259 (1958) provides, among other things, for fees to be paid to the Clerk of the Supreme Court of Errors.