[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH NO. 110
The petitioner, Ralph Abed, originally filed an amended complaint in his petition for a writ of habeas corpus dated August 30, 1994, wherein the petitioner alleges illegal confinement based upon the forfeiture of statutory good time credits before those credits are earned.[1]
Thereafter, the petitioner filed a second amended complaint dated November 7, 1994, alleging that on September 8, 1993, he was sentenced to a ten (10) year term of incarceration. The petitioner continues and recites that on or about January 24, 1994, he was designated a Security Risk Group Safety Threat Member ("SRGSTM") pursuant to a prison administrative directive and, because of such designation, is housed in the SRGSTM close custody unit located at the Garner Correctional Facility. The petitioner maintains that as long as he is housed in the close custody unit, he is foreclosed from earning the statutory good time provided by General Statutes, Sec. 18-7a(c). The thrust of the petitioner's claim is that by classifying him as a SRGSTM, and then placing him in the close custody unit of the facility, CT Page 3876 Commissioner Larry Meachum, Director of Security Brian Murphy, and Warden Frank Crose ("defendants") "effectively took away all the statutory good time he could earn for the following eleven months," which, according to the petitioner, amounts to one hundred ten (110) days of good time that he had not yet earned.
Based on the foregoing, the petitioner claims that: (1) section 13.Q of Administrative Directive 6.14 directly violates General Statutes, Sec. 18-7a(c) since it technically takes away good time not yet earned; (2) Administrative Directive 6.14, Sec. 13.Q forfeited the petitioner's prospective statutory good time for an indefinite period of time once the petitioner was designated a SRGSTM; (3) the defendants attempt to circumvent section 18-7a(c) by having credited the plaintiff's time sheet with a monthly award of ten days statutory good time and then simultaneously removed the ten day credit; and (4) the elimination of his ability to earn good time credits effectively lengthens his sentence and changes the consequence of his act after the act has occurred which constitutes violations of the ex post facto clause of the United States constitution and the Connecticut constitution, and the due process clause of thefourteenth amendment of the United States constitution.
The petitioner seeks relief in the form of (1) a restoration of all good time allegedly forfeited as a result of his classification as a SRGSTM; (2) an order directing the Department of Correction to release him into the general inmate population; (3) a declaration that Administrative Directive 6.14, Sec. 13.Q violates section 18-7a(c); and (4) an order directing the Department of Correction to cease its practice of not authorizing statutory good time credits to the plaintiff, because of his designation as a SRGSTM.
On November 10, 1994, the defendant, Commissioner of Corrections, Larry Meachum ("respondent"), filed a motion to quash the amended complaint dated August 30, 1994, on the grounds that the complaint failed to raise a cognizable claim pursuant to a habeas corpus action, and that the court lacked subject matter jurisdiction to entertain the petition. The respondent filed a memorandum of law dated November 9, 1994 in support of his motion to quash that amended complaint. On November 23, 1994, the respondent also filed a motion to quash the second amended complaint, relying not only upon the reasons as set forth in his motion to quash filed on November 10, 1994, but also upon the additional ground that the second amended complaint fails to CT Page 3877 allege a claim based upon the ex post facto clause of the United States constitution.
An application for a writ of habeas corpus challenges the authority of one who deprived another of his liberty. McClain v.Robinson, 189 Conn. 663, 668, 457 A.2d 1072 (1983). The writ is a prerogative common law writ providing a special and extraordinary remedy; Wojculewicz v. Cummings, 143 Conn. 624, 627, 124 A.2d 886
(1956); and issues as a matter of right, but not as a matter of course, and is granted only in the exercise of sound judicial discretion.
A motion to quash a petition for a writ of habeas corpus is the equivalent of a demurrer. Doe v. Doe, 163 Conn. 340, 341,307 A.2d 166 (1972). In deciding the motion, all facts alleged in the application are deemed admitted. Practice Book, Sec. 532. Pi v.Delta, 175 Conn. 527, 528, 400 A.2d 709 (1978).
General Statutes, Sec. 18-7a(c) provides:
 Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee.
SUBJECT MATTER JURISDICTION
Once the issue of subject matter jurisdiction has come to the court's attention, the court cannot adjudicate the case on its merits without first determining whether it has the authority to proceed. Simms v. Warden, 229 Conn. 178, 180, 640 A.2d 601
(1994). Subject matter jurisdiction is a question of law that cannot be waived or conferred by consent. Id.
In his brief in support of his motion to quash, the respondent claims that this court lacks subject matter CT Page 3878 jurisdiction because General Statutes, Sec. 18-7a(c) does not create a legitimate entitlement or state created liberty interest in being eligible to earn good time credits prior to having actually earned those credits. The respondent relies uponVincenzo v. Warden, 26 Conn. App. 132, 599 A.2d 31 (1991), andCubano v. Warden, Superior Court, Judicial District of Tolland at Rockville, No. 931785 (October 24, 1994, Sferrazza, J.) in support of its position.
The petitioner takes the converse position and argues that General Statutes, Sec. 18-7a sufficiently establishes a liberty interest. The petitioner argues that since the issue in the present case directly implicates his length of confinement, the court has subject matter jurisdiction to hear this case and the respondent's motion to quash should be denied. The petitioner also argues that our courts have consistently found that prisoners have a liberty interest in good time, citing Roque v.Warden, 181 Conn. 85, 434 A.2d 348 (1980); Murray v. Lopes,205 Conn. 27, 529 A.2d 1302 (1987); and McCarthy v. Warden,213 Conn. 289, 567 A.2d 1187 (1989), for that proposition.
At the outset, none of the cases cited by the petitioner address the loss of a petitioner's ability to be eligible for future good time credits as yet unearned.
Roque v. Warden, supra, 181 Conn. involved a habeas corpus proceeding arising out of an inmate's deprivation of ninety (90) days of good time as a result of his being found guilty of certain prison disciplinary rules. While it is true that the court in Roque, citing Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), stated that a prisoner's interest in statutorily created good time credits, which he can be deprived of only for serious misconduct, has real substance and is sufficiently embraced within fourteenth amendment liberty;Roque v. Warden, supra, 181 Conn. 94; the court also recited in a footnote the progenitor of section 18-7a, namely, General Statutes, Sec. 18-7, the pertinent portion of which states: "any serious act of misconduct or insubordination . . . occurring at any time during his confinement . . . shall subject the prisoner, at the discretion of the warden and the commissioner, to the lossof all or any portion of the time earned." (Emphasis added.) Though the court in Roque was silent as to whether the ninety (90) days of good time credits were earned or unearned, I think it's reasonable to extrapolate from the footnote and from the past tense posture of the word "earn" that the ninety (90) days, CT Page 3879 in all likelihood, was in the form of earned or previously acquired credits.
In Murray v. Lopes, supra, 205 Conn., the question was whether statutory sentence reduction credit could be earned while in the custody of the department of mental health. Therefore, the facts of Murray are inapposite to the facts of the present case.
Finally, in McCarthy v. Warden, supra, 213 Conn. 290, the issue was "the applicability of res judicata to foreclose relitigation, in a state court habeas corpus action, of constitutional claims regarding prison disciplinary proceedings that were previously adjudicated in a federal civil rights action." The court in McCarthy only briefly addressed the loss of good time credits, and only within the context of whether there was sufficient evidence to support the respondent's charge that the petitioner was guilty of misconduct. Though the court inMcCarthy cited the same language from Wolff as the court in Rogue
had done, the court in McCarthy made no mention of earned versus unearned statutory credits.
This court was faced with similar issued in the matter ofCantafio v. Larry Meachum, Commissioner, et al., Docket No. 31 71 89, April 20, 1995 (Mihalakos, J.). The court's decision in that case (i.e., Cantafio, attached herein) is dispositive of the issues raised in this case.
Accordingly, for the reasons cited in Cantafio, the motion to quash is granted. Mihalakos, J.