## Duh v. The Bethlehem's Globe Publishing Company (No. 1)

*Philip J. Gahagan,* for plaintiff.
*Michael E. Riskin,* for defendant.

GRIFO, J., October 27, 1969.—This action is before us on plaintiff's preliminary objections to defendant's answer and new matter in the form of a demurrer.

On Friday, December 6, 1968, defendant published an article in "The Bethlehem Globe-Times," describing the occurrence of an automobile accident between plaintiff, Frank Duh, and Eugene Smolinski, which occurred at 2:30 a.m. on that same date. The story reported that Frank Duh had struck Eugene Smolinski's car in the rear and had then fled the scene. Duh was later apprehended, according to the report, and charged with leaving the scene of an accident, for which he posted $300 bail.

The story, in fact, reversed the names of the parties involved in regard to the acts in which each engaged, that is, Duh was struck from the rear by Smolinski and Smolinski fled the scene and was subsequently apprehended and charged with leaving the scene. The staff writer for defendant had transposed the names while making notes from the police accident report.

After plaintiff initiated this suit in libel, defendant published a retraction of this article on January 30, 1969, the reason for the delay being that defendant had no knowledge that the story as it appeared was incorrect until that time.

Plaintiff asks for judgment to be entered against defendant and in favor of plaintiff because defendant in his answer admits the falsity of the article published and because defendant fails to plead a defense.

Generally, any printed or written statement which falsely and maliciously charges an individual with the commission of a crime is libelous per se. Both malice and damages are presumed and do not have to be pleaded or proven unless defendant can show that his action was qualifiedly or conditionally privileged, in which case express malice must be shown by plaintiff. The function of malice in a libel case is to refute the defense of qualified privilege: Williams v. Kroger Grocery & Baking Company, 133 Pa. Superior Ct. 1, 101 A.2d 495 (1938).

In the case at bar, defendant's article falsely imputed the commission of a criminal act to plaintiff, that of leaving the scene of an accident. For such an offense, plaintiff could be indicted and sentenced to prison. While admitting the falsity of the article, defendant as a defense claims that it had a privilege in the publication of this story. As a further defense, defendant also pleads under new matter, error and mistake and retraction. It is to these defenses that plaintiff enters his preliminary objections.

In order for a claim of privilege to attach to a libelous publication, the statement must have been made upon a proper occasion, from a proper motive, in a proper manner and must be based upon reasonable or probable cause: Morgan v. Bulletin Company, 369 Pa. 349, 354, 85 A.2d 869 (1952); Matson v. Margiotti, 371 Pa. 188, 88 A.2d 892 (1952).

In Sciandra v. Lynett, 409 Pa. 595, 600, 187 A.2d 586 (1963), the court has said that if a newspaper account is fair, accurate and complete, and not published solely for the purpose of causing harm to the person defamed, it is privileged and no responsibility attaches, even though the information contained therein is false or inaccurate. However, it must be noted that the immunity from libel through a privilege is the exception, and one who relies upon it must prove all the facts necessary to bring himself within it. Want of reasonable care and diligence to ascertain the truth before giving currency to an untrue communication destroys the privilege: Morgan v. Bulletin Company, supra; Hartman v. Hyman & Lieberman, 287 Pa. 78, 83, 134 Atl. 486 (1926); Williams v. Kroger Grocery & Baking Company, supra, at page 9.

A newspaper has a proper motive and occasion in publishing news, including accident reports. Here, defendant published the story in question as part of an article on city accidents. It was not printed in such a way as to receive special attention over other matters, so it was made in the proper manner.

Probable cause that would justify a publication charging an indictable offense must be such as to justify a prosecution for the alleged crime: Williams v. Kroger Grocery & Baking Company, supra, at page 10; Neeb v. Hope, 111 Pa. 145, 2 Atl. 568 (1885); Briggs v. Garrett, 111 Pa. 404, 2 Atl. 513 (1886). It does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting or publishing the charge. The probable cause which will warrant belief must be found in circumstances of adequate probative force, lying within personal knowledge, or information derived from sources of such character as to lead a reasonably prudent man to regard it as trustworthy. Such an issue as probable cause is generally a jury

question: Williams v. Kroger Grocery & Baking Company, supra, at page 11.

In Michael Conroy v. Pittsburgh Times, 139 Pa. 334, 21 Atl. 154 (1891), a libel action was predicated upon the false publication of a story charging plaintiff with a crime. Defendant interposed a defense of privilege and the case was allowed to go to the jury even though the article was admittedly false. In the case at bar, the defense of privilege must also be a jury question unless it can be found, upon the presentation of evidence at trial, that a privilege did, in fact, attach and the court so rules. The answer does raise the defense of privilege.

For these reasons, plaintiff's preliminary objections to the answer, in that it did not state a defense, must be denied and dismissed.

Defendant has pleaded as affirmative defenses under new matter both error and mistake and retraction. A retraction of a libel is not ordinarily a defense to an action of defamation, but it may be shown, if it is a full and fair retraction, for the purpose of mitigating damages: Rossi v. McDonnell, 18 D. & C. 2d 550, 552 (1959); Wharen v. Dershuck, 264 Pa. 562, 108 Atl. 18 (1919). The reason for this rule is that a great number of people who may have heard the defamatory matter never hear the retraction. Also, an apology implies fault. Whatever merits a retraction may have, it surely does not release from liability unless it is accepted with that intent; otherwise, it would place it in the power of one to do injury and then discharge himself by apology: Rossi v. McDonnell, supra.

Although a retraction is not an affirmative defense to an action in defamation, since it is incumbent upon defendant to introduce into evidence statements which would mitigate the damages, it is, in a sense, a defense to the claim for damages and, for the pur-

pose of pleading, it may be set up in the answer in the form of a defense: Rossi v. McDonnell, supra.

Under Pa. R.C.P. 1030 and 1045(b), a party can set forth affirmative defenses under new matter. A retraction being an affirmative defense for the purpose of pleading, defendant has properly pleaded it in the case at bar.

Furthermore, the fact that the retraction in this case was not printed until over seven weeks had passed since the printing of the original article, and the fact that the retraction was not printed until after this suit was filed, have no bearing on the use of the retraction pleaded as an affirmative defense. These facts will be weighed by the jury in their deliberations.

As to the defense of innocent error and mistake, it too is a mitigating defense and is properly pleaded under new matter. If privilege is not a defense, the intention or malice of the publisher is immaterial, since the law looks to the tendency and consequences of the publication. Proof of express malice is unnecessary, and legal malice is found in the negligence or recklessness of defendant's acts. But it may be admissible for mitigation of damages. See 33 Am. Jur., Libel and Slander, §120.

If privilege is found to be a defense, plaintiff then has the burden of proving that the privilege was abused; that is, that the statement was made from an improper motive or in an improper manner, or from lack of probable cause. Express malice would have to be shown: Sciandra v. Lynett, supra, at page 601. Defendant's proof of innocent error and mistake would be a valid defense against express malice.

Therefore, in accordance with the foregoing opinion, plaintiff's preliminary objections must be denied and dismissed.

## ORDER OF COURT

And now, to wit, October 27, 1969, the preliminary objections of plaintiff to defendant's answer and new matter are denied and dismissed.