UNITED STATES ex rel. Frank
WOJCULEWICZ

v.

Mark S. RICHMOND, Warden, Connecticut State Prison.

Civ. No. 7321.

United States District Court
D. Connecticut.

July 17, 1958.

Frederick J. Rundbaken, Hartford, Conn., for petitioner.

Albert S. Bill, State's Atty. for Hartford County, Hartford, Conn., for respondent.

J. JOSEPH SMITH, Chief Judge.

Relator, confined in the State Prison under sentence of death on conviction of murder in the first degree, seeks release by writ of habeas corpus in forma pauperis. Counsel has been appointed by the court, order to show cause issued directed to the Warden, return filed, and hearing had on the sufficiency of the allegations, the stenographic record and exhibits in the state court trial of the same issues on habeas corpus having been received in evidence. The case has been thoroughly briefed by counsel.

Essentially, relator's claims of illegality of conviction are based on alleged lack of fair trial in three respects,

(1) inability to comprehend the proceedings and assist in his own defense because his mind was clouded by drugs given to relieve pain.

(2) a like inability because of pain.

(3) degradation before the jury in being tried while lying on a stretcher on his back, without control of his bladder and bowels because of his injuries.

1

A review of the transcript and exhibits at the state court trial on habeas corpus demonstrates that the conclusion of the court that in none of these respects had a fair trial been denied was fully supported by the evidence.

There is no question but that relator is hopelessly and permanently crippled by gunshot wounds which severed the spinal cord and left him paralyzed from the waist down, with lack of control of his bowels and bladder. The trial, however, took place some four months after the shooting, after competent doctors found him physically and mentally able to stand trial. He undoubtedly suffered pain intermittently from his injuries, yet complaints of pain sufficient to effect his trial ability were limited to one instance in the fourteen day trial, and on examination found not severe enough to require extended recess. The only evidence of drugs during the trial was of not more than three one-half grain codeine and three five grain aspirin tablets in any day, a dosage which the medical evidence indicated was insufficient to handicap his mental processes. Those who • visited with him during trial recesses were not called to bear out his present claims of clouded mentality. The state courts have pointed out that these claims were first raised three and one half years after the trial.

The testimony as to the artificial control of his bodily eliminations, at recess times, out of the sight of the jury, if believed, negatives any claim of a disgusting, revolting or degrading impression on the jury from his condition. The fact that he lay on his back on the stretcher, before the jury in a position where he could and did converse with and direct his counsel during the trial was not necessarily damaging to his case before the jury.

It is, of course, true that the sight of a man in such a physical condition as to cause revulsion on the part of the jury might make a fair trial impossible, and a conviction obtained under such circumstances could not be upheld even though it appeared that his condition might never change. The bare allegation that such was the case here does not suffice, however. From the record the courts of the state were justified in refusing to make such a finding, and no unusual circumstance has been shown here nor any plausible or reasonable ground to question the determination of the state court on the issue of fairness of the trial, or to justify the holding of a trial de novo here on the same claims and so far as appears likely, essentially the same evidence on that issue. cf. Brown v. Allen, 344 U.S. 443, 506, 73 S.Ct. 397, 97 L.Ed. 469; U. S. ex rel. Rogers v. Richmond, 2 Cir., 252 F.2d 807, certiorari denied with opinion 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361.

The rule to show cause why a writ of habeas corpus should not issue is discharged.

The petition for writ of habeas corpus is denied.

The court wishes to express appreciation to Attorney Rundbaken, assigned counsel, for his work on behalf of petitioner in this case.