**Bruce John BRANDL, Petitioner,**

v.

**Elmer O. CADY, Warden, Respondent.**

**No. 70–C–467.**

United States District Court,
E. D. Wisconsin.

Jan. 20, 1971.

Bruce John Brandl, pro se.

Robert W. Warren, Atty. Gen., State of Wis., by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## ORDER

MYRON L. GORDON, District Judge.

Bruce John Brandl, an inmate of the Wisconsin state prison, has submitted a petition for a writ of habeas corpus, together with an affidavit of poverty. Leave is hereby granted to proceed in forma pauperis.

The petitioner was found guilty by a state court jury of the armed robbery of the Marquette Savings and Loan Association and of operating a motor vehicle without the owner's consent. On December 21, 1968, he was sentenced to consecutive terms in the state prison of 35 and 5 years, respectively. His court-appointed attorney brought several post-conviction motions, all of which were denied by the trial court, after a hearing, on March 4, 1969.

On April 17, 1969, the state supreme court appointed a different attorney to review the trial court proceedings and to determine whether post-conviction relief might be available. This attorney filed a report on November 28, 1969, in which he set forth the facts as developed at the trial and then stated that, in his opinion, the "only issue presented deals with the question of whether there was the neces-sary quantum of evidence to establish probable cause to arrest the defendant without a warrant." A survey of what the attorney felt was the law applicable to this issue was made, and the report concluded with a request for permission to withdraw on the ground that "there is no meritorious basis for appeal or other postconviction remedy." In unpublished opinion 70/41, filed on March 3, 1970, the state supreme court concluded that "the cause of the petitioner is wholly frivolous and without merit" and then relieved the attorney of the duty further to represent the petitioner.

In his present petition, Mr. Brandl avers that the attorney appointed by the supreme court was "antagonistic." He also charges that the appointment was indicative of "judicial malice" toward the attorney who represented the petitioner in the trial of his case. He alleges that it is the policy of the supreme court to appoint the trial attorney for the appeal of the action when so requested. This allegation is denied by the state in its response. Because of the aforesaid antagonism and malice, the petitioner concludes that he has been "denied the effective assistance of counsel for, and on appeal."

In Anders v. California, 386 U.S. 738, at page 744, 87 S.Ct. 1396, at page 1400, 18 L.Ed.2d 493 (1967), the court stated:

"[Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

See also Schwamb v. State, 46 Wis.2d 1, 13, 173 N.W.2d 666 (1970).

I have examined both the report submitted to the state supreme court and the supreme court's unpublished opinion. Mr. Brandl made no response to the report prepared by the attorney. The issue of probable cause with regard to the circumstances surrounding the petitioner's arrest is fully discussed in the supreme court's opinion, and I agree that no constitutional infirmity can be found.

 In addition, it is clear that the standards of *Anders* have been met and that the petitioner has not been denied the effective assistance of counsel on appeal. Furthermore, nothing has been presented by Mr. Brandl, either in his petition or in his traverse to the state's response, to substantiate his claim that it is the consistent policy of the state supreme court to appoint trial counsel to represent indigents on appeal.

Mr. Brandl also contends, however, that the attorney appointed by the state supreme court "refused" to review the post-conviction motions filed by his trial counsel and, thus, the contentions contained in these motions were not considered by the attorney and by the supreme court. This contention conflicts with a statement in the attorney's report that "[an] entire review of the record and proceedings held in this matter has been conducted by counsel, as well as a personal interview with the defendant." Notwithstanding this conflict, however, the grounds for the requested relief contained in Mr. Brandl's present petition are similar to those in the post-conviction motions, which I have examined, and it is my conclusion that they are insufficient to warrant the granting of a writ of habeas corpus.

Stated briefly, Mr. Brandl's additional assertions are: (1) A "revised" record of a police radio transmission was submitted in opposition to the petitioner's pre-trial motion to suppress, the original having been "destroyed" or "withheld"; (2) the trial judge exhibited bias toward the petitioner's trial attorney; and (3) the petitioner was "under the influence of narcotics" during the course of the trial.

The first ground goes to the establishment of probable cause for the petitioner's arrest and, as already noted, it is my opinion that probable cause existed. As to the other two bases asserted—bias and illness—nothing in the record substantiates Mr. Brandl's claims. A review of the trial transcript, including testimony of the petitioner, gives no indication that any of Mr. Brandl's constitutional rights were abridged. See United States ex rel. Wojculewicz v. Richmond, 170 F.Supp. 1 (Conn.1958), aff'd, 263 F.2d 604 (2d Cir. 1959), cert. denied, 359 U.S. 974, 79 S.Ct. 892, 3 L. Ed.2d 841 (1959). This, coupled with the fact that no objections were raised during the trial as to the last two claims and that the petitioner does not appear to have exhausted his state remedies as to these claims, leads this court to the conclusion that Mr. Brandl's petition for a writ of habeas corpus must be denied.

Therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is denied.