**Billy Joe ALBRITTON, Petitioner,**

v.

**John Allen COLLIER, Superintendent, Mississippi State Penitentiary, Respondent.**

No. DC 72–20–S.

United States District Court, N. D. Mississippi, Greenville Division.

Oct. 4, 1972.

A. F. Summer, Atty. Gen., State of Mississippi, Jackson, Miss., for defendant; Timmie Hancock and John Kinard, Special Assts. to the Atty. Gen., State of Mississippi, Jackson, Miss.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The petitioner in this habeas corpus proceeding is incarcerated at the Mississippi State Penitentiary. He is serving a sentence of six (6) years imposed by the Circuit Court of Leflore County, Mississippi following a burglary conviction. The conviction and sentence were affirmed per curiam. Albritton v. State, 258 So.2d 447 (Miss.1972).

Petitioner contends that he is confined in violation of the due process and equal protection clauses. Specifically, he alleges he was required to stand trial for his liberty while experiencing acute physical pain, resultant distress and anxiety, and as a consequence was unable to effectively aid in his own defense; that his court-appointed counsel provided only perfunctory, pro forma representation at trial and upon appeal. Several allegations were advanced to buttress the latter contention: only a few merit consideration.

The court conducted an evidentiary hearing on August 2, 1972. Petitioner, an indigent, was represented by counsel appointed for that purpose. All counsel were subsequently directed to file memoranda in support of their respective positions. The memoranda have been received and thoroughly considered. The action is now ready for decision.

The evidence disclosed that petitioner was tried and found guilty on July 1, 1971. His appointed counsel had, eleven days earlier, filed as a candidate for county prosecuting attorney. He was eventually elected, and actually assumed his duties before the appeal was decided.

During the noon recess of trial, petitioner was returned to a cell where, according to his own testimony, he acci-

Grady F. Tollison, Jr., of Dunbar & Merkel, Clarksdale, Miss., for plaintiff.

dentally cut a finger while engaged in a scuffle with a cellmate. A deputy sheriff immediately escorted him to a local physician, Dr. Lucas, who treated the wound by applying a pressure bandage and administering a tetanus booster. The wound was not sutured until early evening after completion of the trial.

The treating physician later executed affidavits for both petitioner and respondent which were received by the court. While not significantly varying in substance, the affidavits underscore different details. The "cut on the little finger of the right hand" in the respondent's exhibit becomes a "cut . . . to the bone on a finger of the left hand . . ." in the petitioner's exhibit. Reading the petitioner's exhibit, the court is left with the impression that the wound was indeed serious. Even so, in the respondent's exhibit the affiant asserts he ". . . was of the opinion when he first saw Billy Joe Albritton on July 1, 1971 and is of the opinion now that there was nothing present about his injury which would prevent him from participating rationally in the trial of his case. . . ."

Apparently on the strength of this assertion which was also made orally in his presence, the appointed counsel did not seek a continuance and the trial resumed. Significantly, the trial judge, with ample opportunity to observe petitioner's demeanor, did not of his own motion order a hearing on petitioner's ability to participate rationally in his defense. Moreover, it is unclear how many witnesses testified after the trial resumed.

Despite a pressure bandage, the wound continued to bleed, and at one point the trial was briefly recessed to remove blood from the floor. The amount of blood removed is in serious dispute. Petitioner's witnesses, chiefly relatives, describe a spreading pool. The defense attorney referred to a few drops and stated that the petitioner appeared rational, aware and free of disabling pain.

In July, while petitioner was confined to the Mississippi State Penitentiary, the injured finger was partially amputated. There was no evidence of intervening or aggravating trauma.

The defense attorney testified that following the trial he explored the evidence with an experienced criminal lawyer and also with the trial judge. Unable to identify a definite issue, his appeal brief noted only one assignment of error: the verdict of the jury was contrary to the overwhelming weight of the evidence. He also urged the Mississippi Supreme Court to conduct an independent examination of the record. As noted above, the conviction was affirmed per curiam.

■■ The right to a fair trial is a fundamental and, hopefully, steadfast cornerstone of our jurisprudence. See e. g., Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The trial of an accused who is unable to comprehend the proceedings, or assist in his own defense does not meet the standards of due process and fundamental fairness. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). A defect which impairs reason and comprehension, or hampers the ability to effectively consult with counsel may be physical as well as mental. Sanders v. Allen, 69 U.S.App.D.C. 307, 100 F.2d 717, 720 (1938) (dictum).

■■ If there is reasonable doubt as to the defendant's ability to proceed, it is ordinarily the better course to conduct a hearing. United States v. Knohl, 379 F.2d 427 (2nd Cir. 1967). However, the matter lies within the discretion of the trial judge. United States v. Bernstein, 417 F.2d 641 (2nd Cir. 1969); United States v. Williams, 468 F.2d 819 (5th Cir. 1972). Where it affirmatively appears that forcing a defendant to stand trial will endanger his health or deprive him of the fair trial to which he is entitled, a continuance should be granted. E. g. Eastland v. State, 223 Miss. 195, 78 So.2d 127 (1955); compare, United

States ex rel. Scoleri v. Banmiller, 198 F.Supp. 872 (E.D.Pa.1961); United States ex rel. Wojculewicz v. Richmond, 170 F.Supp. 1 (D.Conn.1958), affirmed 263 F.2d 604 (2nd Cir. 1959).

■ Of course, the burden of demonstrating disability falls squarely on the shoulders of the petitioner. External evidence of pain is only one factor which must be considered when resolving the crucial issue: was the defendant's reason, comprehension and ability to communicate so impaired that he was denied a fair trial? In this case, the question must be answered in the negative.

■ The petitioner himself demonstrated a detailed memory of the events which occurred at trial, and thus inherently belied his own claim of impaired reason and faculty. He spoke rationally with his attorney and seldom complained of pain. The treating physician was of the opinion that he could rationally continue at trial. Moreover, the failure of the defense attorney to seek a continuance was not, under the circumstances, an example of shocking ineptitude.

It is, of course, axiomatic that a defendant is not only entitled to the assistance of counsel but also to the effective assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963); Powell v. Alabama, *supra*. Effective assistance of counsel is, however, a nebulous quality and consequently difficult to gauge. Generally, ". . . if [the attorney's] conduct is so incompetent as to deprive his client of a trial in any real sense . . . the accused must have another trial, or rather, more accurately, is still entitled to a trial." Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 793 (1958); see also, Odom v. United States, 377 F.2d 853 (5th Cir. 1967); "Effective assistance of counsel for the Indigent Defendant", 78 Harv.L.Rev.

1434; Waltz, "Inadequacy of Trial Defense Representation as a Ground for Post-Conviction relief in Criminal Cases", 59 Nw.U.L.Rev. 289.

Following *Gideon*, claims of ineffective representation swept through the federal domain like the remorseless hordes of the great Khan. E. g., Williams v. Beto, 354 F.2d 698 (5th Cir. 1966). The frequency of these allegations is likely to increase. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Nevertheless, unless the allegation is frivolous, it merits attention, and the courts of this circuit have not hesitated to impose remedial measures where warranted. Smotherman v. Beto, 276 F.Supp. 579 (N.D.Tex. 1967); Chalk v. Beto, 429 F.2d 225 (5th Cir. 1970). The Mississippi Supreme Court has been equally vigilant. Stewart v. State, 229 So.2d 53 (Miss.1969).

■ Having thoroughly reviewed the record, this court is of the opinion that the petitioner received active, effective representation. Arguably, when an appeal became necessary, the defense attorney might have opted for the course outlined in Anders v. California, 386 U. S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, he did not, and the fact that his appeal brief noted only a formal assignment of error does not indicate that the client was left to shift entirely for himself without the aid of an advocate. Moreover, the court has concluded that the attorney's political aspirations did not interfere with the discharge of his ethical responsibilities.

The court wishes to extend special thanks for the industrious, scholarly services rendered on behalf of the petitioner by court appointed counsel.

An appropriate judgment will be entered denying the petition for a writ of habeas corpus.