■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PURNELL JACKSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered February 22, 1980, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, the count charging criminal possession of a weapon in the fourth degree is dismissed, and the case is remitted to the Supreme Court, Queens

County, for further proceedings consistent herewith. After the *voir dire* was completed at defendant's first trial, the court declared a mistrial on the ground that defendant was unable to hear the proceedings, and ordered that his hearing be examined, and he be fitted with a hearing aid. Defendant was then examined by several physicians, who concluded that he was suffering from a chronic, moderate-to-heavy loss of hearing, that he should take medication regularly, and that he should return for treatment at a later date. A hearing aid was not, however, recommended. At the commencement of the second trial, defendant's hearing problems again presented themselves. When the court clerk asked him, "Are you Purnell Jackson?", the defendant failed to respond. Defense counsel then advised the court that the defendant could still not hear the proceedings and that he was having difficulty communicating with his client. He therefore requested an adjournment so that the defendant could receive further treatment. The court denied the request, indicating that it would "make it our business from this point on to speak loudly and in as close proximity as we can to this defendant". However, when it was indicated that defendant would waive his right to trial by jury and he was asked to stand up, defendant did not do so saying: "Pardon me? What did he say?" When the court began to speak more loudly, defendant indicated that he understood what the court was saying and he then responded to questions regarding the waiver of his right to trial by jury. Then, at defense counsel's request, the defendant was allowed to sit in the first seat in the jury box, some eight feet from the witness stand. When defendant took the stand, he testified that he could hear his attorney speaking and could hear better from the jury box than at the counsel table. He said that he had heard most, but not all, of the testimony. On a number of occasions while on the stand defendant evidenced difficulty in hearing the questions addressed to him and sometimes he failed to respond to them. The court itself acknowledged that the defendant "does have a great deal of hearing problems" and at one time said that the defendant "seemed to have been unable to hear me". The record is replete with instances where participants in the trial were asked to speak more loudly, where questions or answers were required to be repeated and where defense counsel indicated that his client was unable to hear what was taking place. At the close of all the evidence, defense counsel moved for a mistrial on the basis of defendant's hearing impairment. The motion was denied. Prior to the announcement of the verdict, defense counsel again moved for a mistrial. The court denied the motion, saying it had been able to observe defendant visibly reacting to the testimony at trial. At sentencing, defense counsel moved to set aside the verdict for the same reason. The court denied the motion, saying it could tell that defendant had heard the testimony by his reactions to testimony adverse to him, and it believed his hearing impairment was only selective, despite defense counsel's insistence to the contrary. Under the circumstances here present, we are unable to conclude that the defendant received a fair trial. The due process clause of the Fourteenth Amendment forbids the trial and conviction of a defendant who is not competent to stand trial. (See *Sanders v Allen,* 100 F2d 717; *Pate v Robinson,* 383 US 375; *United States v Knohl,* 379 F2d 427; cert den 389 US 973; *United States v Schaffer,* 433 F2d 928; *Albritton v Collier,* 349 F Supp 994.) The standard for competency is " 'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.' " (*Dusky v United States,* 362 US 402.) A defect which impairs the defendant's reason and comprehension or hampers his ability to effectively consult with his counsel may be physical as well as mental. (*Albritton v Collier, supra.*) Where sufficient doubt is raised as to the defendant's competency to stand trial, the trial

court should order a hearing on that issue. (See *Dusky v United States, supra; Pate v Robinson, supra; United States v Bernstein,* 417 F2d 641; *Albritton v Collier, supra.*) Here, a mistrial had already been granted once because of defendant's hearing impairment. At the commencement of his second trial, it became clear that the defendant was having serious difficulty in hearing the proceedings. The record reflects that the defendant was having difficulty hearing certain of the questions addressed to him and it appears that he was unable to hear all of the testimony. When the extent of the defendant's problems became obvious, the court should have adjourned the trial, appointed a board certified otolaryngologist, and directed that he examine the defendant and report his findings forthwith. Based upon those findings, which would necessarily include delineation of the degree of the defendant's hearing loss and the appropriate remedies to alleviate the problem, the court could then have conducted a hearing to fashion a method of establishing adequate communication at trial thereby affording the defendant due process. With respect to the charge of criminal possession of a weapon in the fourth degree, that count of the indictment failed to allege the statutory element of intent to use the weapon unlawfully against another. An indictment must allege nonhearsay information supporting every element of the crime charged, including intent, and any failure to do so renders the count of the indictment jurisdictionally defective, compelling a reversal of the conviction. (*People v McGuire,* 5 NY2d 523; *People v Case,* 42 NY2d 98; *People v Iannone,* 45 NY2d 589; *People v Hall,* 48 NY2d 927.) This rule of law is strict and the element of intent cannot be inferred by implication from the other counts of the indictment. Thus, we reverse defendant's conviction on this count, and dismiss said count. The case must be otherwise remitted to the Supreme Court, Queens County, for a new trial, prior to which the court will conduct a hearing in order that it may be satisfied that the defendant has the physical competency to communicate with counsel and intelligently participate in the proceedings. In preparation for the hearing, the court shall appoint a physician specializing in diseases of the ear (namely, a board-certified otolaryngologist) to examine the defendant and report his findings. We have considered defendant's other contentions and find them to be without merit. Thompson, J. P., Brown, Niehoff and Boyers, JJ., concur.