■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BELL, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of grand larceny in the third degree, defendant argues that the court erred in charging accessorial liability. That issue is unpreserved and we decline to reach it in the interest of justice (CPL 470.15 [6] [a]). Nor do we find that defendant was denied the effective assistance of counsel by his attorney's failure to object to the charge on accessorial liability (see generally, People v Satterfield, 66 NY2d 796, 798-799; see also, People v Kimbrough, 155 AD2d 935, lv denied 75 NY2d 814). (Appeal from judgment of Supreme Court, Erie County, Flynn, Jr., J.—grand larceny, third degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CERAVOLO, Appellant.—Judgment unanimously affirmed. Memorandum: County Court did not err in failing, sua sponte, to conduct further inquiry or to order a hearing concerning defendant's alleged hearing impairment. Neither defendant nor his counsel requested, prior to the close of proof, that the witnesses speak louder or that defendant be provided some form of hearing assistance. Moreover, there is no indication in the record that defendant could not understand the testimony or assist in his defense. Under the circumstances, the trial court was under no obligation to determine whether defendant required assistance (see, People v Ramos, 26 NY2d 272, 275; cf., People v Jackson, 88 AD2d 604).

The remaining claim of prosecutorial misconduct was not preserved for our review (see, CPL 470.05 [2]) and, in any event, is devoid of merit. (Appeal from judgment of Erie County Court, La Mendola, J.—murder, second degree.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.